IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN J. DUERST,

        Plaintiff,                         No. 2:13-cv-0302 GEB KJN PS

    vs.

STATE OF CALIFORNIA
(JUDICIAL BRANCH),

        Defendant.                  FINDINGS AND RECOMMENDATIONS
_____/

       Plaintiff Ryan J. Duerst, proceeding in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

In this case, plaintiff alleges that Judge Mark S. Curry of the Placer County Superior Court was not qualified to hear family law cases, but nonetheless made various orders in plaintiff's family law case that violated the California Family Law Code, the California Rules of Court, and judicial ethics, thereby purportedly resulting in plaintiff losing his home and other personal property, delaying medical and dental care, being unable to provide certain educational services for his autistic child, and suffering mental stress. (Dkt. No. 1.)  Plaintiff further alleges that, although Placer County Superior Court presiding judge, Alan Pineschi, knew that Judge

Curry was not qualified to hear family law cases and was made aware of plaintiff's complaints, Judge Pineschi allowed Judge Curry to continue to hear plaintiff's case. (Id.) According to plaintiff, the State of California Commission on Judicial Performance declined to investigate these alleged violations and the State of California Judicial Branch denied the government claim he submitted. (Id.) Based on these allegations, plaintiff asserts a claim for violation of his rights under the Fourteenth Amendment to the United States Constitution, presumably under 42 U.S.C. § 1983, against the State of California (Judicial Branch). (Id.) Plaintiff requests relief in the form of $100,000,000.00 in damages. (Id.)

Here, plaintiff's claims against the sole defendant, the State of California (Judicial Branch), are clearly barred by the Eleventh Amendment. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). To the extent that plaintiff's complaint can be construed to assert a claim against the Placer County Superior Court, such a claim is likewise barred by the Eleventh Amendment. See Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) (concluding "that a suit against the Superior Court is a suit against the State, barred by the eleventh amendment").

Furthermore, even if plaintiff's claims were not barred by the Eleventh Amendment, the claims are all rooted in plaintiff's allegations that Judge Curry's orders in plaintiff's family law case allegedly caused plaintiff harm in various ways. However, "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts...Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). A judge can lose his or her immunity when acting in clear absence of jurisdiction, but one must distinguish acts taken in error or acts that are performed in excess of a judge's authority (which remain absolutely immune) from those acts taken in clear absence of

jurisdiction. Mireles v. Waco, 502 U.S. 9, 12-13 (1991) ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error...or was in excess of his authority"). Thus, for example, in a case where a judge actually ordered the seizure of an individual by means of excessive force, an act clearly outside of his legal authority, he remained immune because the order was given in his capacity as a judge and not with the clear absence of jurisdiction. Id.; see also Ashelman, 793 F.2d at 1075 ("A judge lacks immunity where he acts in the clear absence of jurisdiction...or performs an act that is not judicial in nature").

Here, the orders giving rise to plaintiff's claims are undoubtably judicial acts, because Judge Curry issued them in his capacity as a judge presiding over plaintiff's family law case. Indeed, plaintiff's complaint acknowledges that his case was assigned to Judge Curry by the Placer County Superior Court Presiding Judge, Judge Pineschi. (Dkt. No. 1 at 2.) Furthermore, even assuming *arguendo* that Judge Curry was not well versed in family law, and that he erred in some of his decisions or somehow acted in excess of his authority, a subject on which this court expresses no opinion, Judge Curry did not act in clear absence of jurisdiction when he issued an order in a case pending before him. As such, Judge Curry's actions are protected by judicial immunity and cannot serve as a basis for plaintiff's damages claims.[2] Plaintiff also points to no authority for the proposition that Judge Pineschi, or the Placer County Superior Court, was required to reassign a case merely because plaintiff disagreed with the assigned judge's orders or felt that the assigned judge was not sufficiently versed in family law.

Finally, the court notes that plaintiff's complaint does not request prospective injunctive relief against the State of California (Judicial Branch). But even if it did, it would be

---

[2] Plaintiff's complaint also curiously contends that Judge Curry's order, which allegedly resulted in plaintiff losing his home and being unable to offer his autistic child certain education services, somehow violated the Americans with Disabilities Act. (Dkt. No. 1 at 4.) Even if Judge Curry were a named defendant in this action, such a claim would likewise be barred by judicial immunity, for the reasons discussed above.

4

inappropriate for a federal court to interfere in a pending family law matter.  See Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (no abuse of discretion in district court's abstention from hearing § 1983 claims arising from a child custody dispute pending in state court).  Family law disputes are domestic relations matters traditionally within the domain of the state courts, and it is appropriate for federal district courts to abstain from hearing such cases, which often involve continued judicial supervision by the state.  Coats, 819 F.2d at 237.  If plaintiff truly believes that the superior court judge's orders were erroneous, the proper recourse is appeal of those orders in the state appellate courts – not the filing of a new action in federal court.

Therefore, for the reasons discussed above, plaintiff's complaint is subject to dismissal.  Although the court would ordinarily grant a pro se plaintiff leave to amend, it does not appear that the above-mentioned defects can be cured by more detailed factual allegations or revision of plaintiff's claims.  Accordingly, leave to amend would be futile and the action should be dismissed with prejudice.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE.

2. Plaintiff's request to proceed in forma pauperis (dkt. no. 2) be DENIED AS MOOT.

3. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may

waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

   IT IS SO RECOMMENDED.

DATE:  February 21, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE